# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Teresa Avis, as Personal Representative of the Estate of Kenneth Edward Avis, <br><br> Plaintiff, <br><br> v. <br><br> Eagle Transport Corporation and David Lee Gullikson, <br><br> Defendants. | Civil Action No. 5:16-cv-03551-JMC <br><br><br><br> **ORDER AND OPINION** |

Plaintiff Teresa Avis, as personal representative of the estate of Kenneth Edward Avis ("Plaintiff"), filed the instant wrongful death and survival action against Defendants Eagle Transport Corporation and David Lee Gullikson ("Defendants"). (ECF No. 1.) This matter is before the court pursuant to Plaintiff's motion to compel David Lee Gullikson ("Gullikson") to respond to Plaintiff's supplemental interrogatories and supplemental requests for production. (ECF No. 30.) Gullikson has filed a response to the motion (ECF No. 32), and Plaintiff has filed a reply (ECF No. 33). For the reasons that follow, the court **GRANTS** Plaintiff's motion to compel. (ECF No. 30.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2017, Plaintiff filed a motion to compel the production of Gullikson's medical and prescription records and information from a short period after the car crash at issue. (ECF No. 30-1 at 1.) Specifically, Plaintiff requested (1) a copy of Gullikson's "health insurance card in effect during 2016, or, if not available, please provide the name, address and telephone number of the health insurance company, along with the policy number and member number,"; (2) "[a]ll medical records, psychiatric records and/or counseling records for Defendant Gullikson

1

from January 1, 2016 to date,"; and (3) "[a]ll prescription records and pharmacy records for Defendant Gullikson from January 1, 2016 through August 19, 2016." (ECF No. 30-2 at 3.) Plaintiff also requested that Gullikson identify (1) "all hospitals, practices, clinics, physicians, psychiatrists, counselors or other health care providers who have treated [Gullikson] from January 1, 2016 to date,"; and (2) "all pharmacies at which [Gullikson] filled prescriptions from January 1, 2016 through August 19, 2016." (ECF No. 30-3 at 2-3.) Plaintiff claims that discovery of this information is critical because it was shown through other discovery requests that Gullikson "tested positive in his post-accident drug test for amphetamine and methamphetamine" and that Gullikson had asserted that the positive result was due to prescription medication. (ECF No. 30-1 at 2.)

Gullikson's counsel, in response, claims that "despite repeated attempts, defense counsel has been unsuccessful in obtaining the requested information" and that counsel "continue[s] to attempt to contact Gullikson." (ECF No. 32 at 1-2.) Plaintiff replied that Gullikson is not participating in discovery "simply because [he] choose[s] not to," and reiterated the critical nature of the evidence sought. (ECF No. 33 at 2.) Plaintiff requested that the court grant the motion to compel and, in a single sentence, requests that the court impose sanctions in order to encourage Gullikson's "future compliance . . . with his obligations is [sic] the discovery process." (Id.)

## II. LEGAL STANDARDS

The amended Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to

develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992). Nevertheless, discovery is not limitless, and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c). "If a party fails to make a disclosure" required by Rule 26, "any other party may move to compel disclosure . . . [after it has] in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party resisting a discovery request bears the burden of persuading the court that the requested information is outside the scope of discovery. See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., 2011 U.S. Dist. LEXIS 65422, at *20-21 (M.D.N.C. 2011) (collecting cases in the Fourth Circuit).

### III. ANALYSIS

Interrogatories and requests for the production of documents are integral parts of the discovery process. The court concludes that the particular answers and documents requested are both relevant and proportional to the needs of the case, something which Gullikson has not contested in his response. Gullikson's response to Plaintiff's motion to compel is essentially a non-answer.[1] In the absence of any compelling reason not to grant a motion for discovery of evidence that is both relevant and proportional, the court concludes that a motion to compel should be granted. However, the court declines to impose sanctions on Gullikson at this point in the discovery process, because Plaintiff's request for sanctions was not filed in either the original

---

[1] The court notes that it is Gullikson who has not responded, not Gullikson's counsel. See Fed. R. Civ. P. 26 (placing obligation to comply with discovery rules on the party, not counsel). It appears that Gullikson's counsel has made reasonable efforts to contact Gullikson and has not received a response. (ECF Nos. 32-1 & 32-2.)

motion to compel or a separate motion for sanctions, but rather in Plaintiff's reply to Defendant's response, (ECF No. 33 at 2), thus giving Defendant no opportunity to respond. See Fed. R. Civ. P. 37(d)(1)(A)(ii) ("The court . . . may, on motion, order sanctions if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."); Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.")[2]

## IV. CONCLUSION

Because Defendant has filed to adequately respond to Plaintiff's discovery request, the court **GRANTS** Plaintiff's motion to compel, (ECF No. 30). Gullikson must comply with this Order on or before June 23, 2017.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 8, 2017
Columbia, South Carolina

---

[2] This order does not prejudice the ability of Plaintiff to seek sanctions through a separately filed and adequately argued and supported motion, which the court would entertain when filed.

4