# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Teresa Avis, as Personal Representative of<br>The Estate of Kenneth Avis,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Eagle Transport Corporation and David<br>Lee Gullikson,<br><br>                                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 5:16-cv-03551-JMC<br><br><br>**ORDER APPROVING WRONGFUL<br>DEATH/SURVIVAL SETTLEMENT** |

This matter comes before the court on the verified Petition of Teresa Avis, as the duly appointed Personal Representative of the Estate of Kenneth Avis. Plaintiff seeks approval of the settlement of this Wrongful Death/Survival action.

The Petition, which includes the certification of Plaintiff's attorney, Cheryl F. Perkins, as required by § 15-51-42 *S.C. Code Ann.* (2017), contains the information required by that statute. Additionally, the Petition sets forth the proposed allocation of the settlement proceeds, including the proposed division between the Survival action and the Wrongful Death action.

Plaintiff asserts that she has given this matter mature consideration and that she has consulted with her attorneys. Plaintiff represents that she believes the settlement is fair and reasonable and in the best interests of the statutory beneficiaries and the Estate of the decedent. Plaintiff has indicated that she is pleased with the services of her attorneys and she has agreed to accept the amounts set forth in the Petition on behalf of the statutory beneficiaries and the Estate in full and final settlement of all claims against Defendant and their insurers.

Plaintiff requests that the court approve the settlement and the proposed allocation of the proceeds of the settlement as set forth in the Petition.

I have read the Petition and questioned Mrs. Avis and her attorneys. It appears that Mrs. Avis has been fully advised of her rights and obligations in connection with this matter, including her rights, obligations and responsibilities in her trust capacity as Personal Representative of the Estate of Kenneth Avis. I am convinced that Plaintiff understands that approval of the proposed settlement constitutes a full and complete release of Defendants in this case and that no further action can be brought against them or their insurers. I find that under the circumstances, the settlement is fair, equitable and just, and approval is hereby given. It is, therefore

ORDERED that the settlement as set forth in the Petition (the terms of which are incorporated herein by reference), including the payment of attorney fees and costs, is hereby APPROVED; and

IT IS FURTHER ORDERED that Petitioner is hereby authorized to consummate the settlement, value or cost to Defendants of which, inclusive of Cash and Periodic Payments, is $11,000,000.00, with $6 million being allocated to the Survival action and $5 million to the Wrongful Death action. The settlement contemplates the following disbursements which are hereby APPROVED:

**SURVIVAL ACTION – $6,000.000:**

1.      Attorney Fees to Whetstone Perkins & Fulda, LLC – $2,000,000.00.

2.      Pro Rata Costs to Whetstone Perkins & Fulda, LLC – $ 57,280.59.

3.      Probate Fees to Georgetown County Probate Court – $14,320.00.

4.      Loan Balance to Greenlink Solutions – $12,425.28.

5.      Net Survival Action Distribution to Teresa Avis – $ 1,957,987.07.

6.      Net Survival Action Distribution to Tabitha Avis – $ 1,957,987.06.

## **WRONGFUL DEATH ACTION – $5,000,000:**

1.      Attorney Fees to Whetstone Perkins & Fulda, LLC – $1,666,666.66.

2.      Pro Rata Costs to Whetstone Perkins & Fulda, LLC – $47,733.83.

3      Net cash distribution of $660,937.76 to Teresa Avis.

4.      $981,862.00 is the cost to Defendants of the future periodic payments to Teresa

Avis, outlined below:

      a.      $4,000.00 per month for life, guaranteed 22 years, beginning October 1,
2017, guaranteed by New York Life Insurance Company.  The last
guaranteed payment on September 1, 2039.  Payments continue for life past
the guaranteed period so long as Teresa Avis is living.

5.      Net cash distribution of $214,998.50  to Tabitha Avis.

6      $1,421,082.00 is the cost to Defendants of the future periodic payments to

Tabitha Avis, outlined below:

      a.      $3000.00 per month for life, guaranteed 32 years, beginning October 1,
2017, increasing at the rate of 2.00% compounded annually, guaranteed by
New York Life Insurance Company.  Last guaranteed payment on
September 1, 2049.  Payments continue for life past the guaranteed period
so long as Tabitha Avis is living.

With regard to the settlement, all sums set forth herein constitute damages on account of

personal injuries or death, within the meaning of Section 104(a)(2) of the Internal Revenue Code

of 1986, as amended. The aforementioned guaranteed periodic payments will be guaranteed whether or not the Payees survive the payment schedule. Defendants will assign their obligation to make periodic payments New York Life Insurance & Annuity Corporation ("Assignee"). Assignee will fund the liability to make the periodic payments through the purchase of an annuity contract issued by New York Life Insurance Company ("Annuity Issuer"), rated A++ by AM BEST. Defendants' insurer, Lexington Insurance Company, will issue checks in the premium amounts payable to New York Life Insurance Company, to fund the purchase of the periodic payments and will execute the Settlement Agreement, Release, and Qualified Assignment documents as required by the life company to issue the policies. Any guaranteed payments to be made after the death of Payees shall be made to the Estate of the deceased Payee.

IT IS FURTHER ORDERED that upon payment of the settlement sums, Plaintiff and those for whose benefit she sued, along with any others claiming by, through or under her be and they hereby are, forever barred and foreclosed from the prosecution of any claim or action arising out of the allegations in the Complaint in the above-referenced case against Defendants.

IT IS FURTHER ORDERED that Petitioner is directed to execute such release or releases as her own attorneys and the attorneys for Defendants may deem proper;

IT IS FURTHER ORDERED that the within action is hereby dismissed with prejudice only upon the receipt and disbursement of all of the settlement proceeds as set forth in the Petition.

AND IT IS SO ORDERED.

*J. Michelle Childs*

United States District Judge

July 11, 2017
Columbia, South Carolina